Dear Commissioner Drennen:
You requested the opinion of this office concerning whether the unexpended monies returned to the State General Fund at the end of the fiscal year may be placed to the credit of the Exceptional Performance and Gainsharing Incentive Fund (the "Incentive Fund") as established under the provisions of R.S. 39:87.5, enacted by Act 1091 of the 2001 Regular Legislative Session.
R.S. 39:87.5(C)(2) provides that the sources of monies deposited to the credit of the Incentive Fund are either monies appropriated to the fund from recurring revenues recognized by the Revenue Estimating Conference, or a portion of the unexpended monies returned to the state general fund at the end of the fiscal year. The state treasurer is directed to transfer to the Incentive Fund all cash balances from unexpended and unencumbered state general fund appropriations which are subject to remission to the state treasury, until the fund reaches a total of $4,000,000. The annual deposit is to recommence when the Incentive Fund falls below $3,200,000.
You question whether the act of depositing unexpended appropriations into a fund could be considered as a second commitment of the "Official Forecast" per Article VII, Section 10(B) of the Louisiana Constitution. You expressed concern that by committing the same revenue twice, the balanced budget provisions of Article VII, Section 10(E) could be jeopardized. Historically, any unexpended appropriations have not been explicitly recognized by the Revenue Estimating Conference (the "Conference"). The unexpended appropriations have been treated as any other financial item that contributes to a June 30 General Fund balance. When the Comprehensive Annual Financial report ("CAFR") is published, then the Conference recognizes the additional means of finance reflected in a positive undesignated General Fund balance. Article VII, Section 10(D)(2) provides that nonrecurring revenue may only be used for certain enumerated purposes.
Your specific question is whether it is permissible for funds resulting from the return of unexpended appropriations from the prior fiscal period, which have not been recognized as recurring revenues, to be allocated to the Incentive Fund?
It is the opinion of this office that the Incentive Fund may be funded with revenues which were otherwise to revert to the State General Fund. It has long been the position of this office and, we believe, of your office that if during the fiscal year, the Conference recognizes additional revenues, those revenues may be appropriated by the legislature into a dedicated fund. Monies in the dedicated fund could then be appropriated by the legislature for expenditure in the following fiscal year. Because the monies were appropriated into a fund, those monies were not considered part of the undesignated general fund surplus and were not non-recurring revenues. The funding of the Incentive Fund is similar. The surplus is determined as of June 30. See Ops.Atty.Gen. 93-837 and 98-502. The transfer into the Incentive Fund is made as of June 30. We have reviewed the constitution and do not find any provision which prohibits the legislature from appropriating the monies which would otherwise revert to the State General Fund. We should also note that R.S. 39:2(27) was amended in the 2001 Louisiana Legislature to delete the provision which had stated "nonrecurring revenue" includes undesignated general fund balances. Act 1092 of the 2001 Regular Session, effective July 1, 2001.
As to whether these funds have been recognized by the Conference, we would suggest that the funds were recognized prior to the appropriation for which they were not used.
Trusting that this adequately responds to your request, we remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ Martha S. Hess Assistant Attorney General
RPI/MSH